**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

**CIVIL MINUTES – GENERAL**

Case No. SACV 23-01312-CJC (ADSx)                     Date:  August 29, 2023

Title: QUY TRUONG v. MART LOGISTICS CENTER CA PROPERTY OWNER LP

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Rolls Royce Paschal                              N/A
      Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

      None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE AS TO WHY
THIS COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL
JURISDICTION OVER PLAINTIFF'S UNRUH ACT CLAIM**

On July 20, 2023, Plaintiff filed this action against Defendant, alleging violations
of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act
("Unruh Act").  (Dkt. 1 [Compl.].)  Plaintiff contends that this Court has supplemental
jurisdiction over his Unruh Act claim.  (*Id*.)

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right."
*United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  District courts have discretion
to decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or
complex issue of State law, (2) the claim substantially predominates over the claim or
claims over which the district court has original jurisdiction, (3) the district court has
dismissed all claims over which it has original jurisdiction, or (4) in exceptional
circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C.
§ 1367(c).

A number of federal district courts across California have declined to exercise
supplemental jurisdiction over Unruh Act claims brought alongside ADA claims, citing
28 U.S.C. §§ 1367(c)(2) & (c)(4).  *See, e.g.*, *Schutza v. Cuddeback*, 262 F. Supp. 3d
1025, 1030–31 (S.D. Cal. 2017) (declining to exercise supplemental jurisdiction because

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 23-01312-CJC (ADSx)                    Date:  August 29, 2023
                                                     Page 2

---

(1) "Plaintiff's state law claim under the Unruh Act substantially predominates over his federal claim" and, (2) because "it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements."). And the Ninth Circuit has found "exceptional circumstances" within the meaning of 28 U.S.C. § 1367(c)(4) when a plaintiff would be allowed to circumvent and render ineffectual California's "procedural requirements aimed at limiting suits by high-frequency litigants" by filing an Unruh Act claim in federal court and invoking the court's supplemental jurisdiction. *Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021). The Court therefore orders Plaintiff to show cause as to why it should not decline to exercise supplemental jurisdiction over his Unruh Act claim based on the Ninth Circuit's reasoning in *Arroyo*.

Plaintiff shall file a response to this Order to Show Cause by **September 5, 2023**. In his response, Plaintiff shall identify the amount of statutory damages he seeks to recover. Plaintiff and his counsel shall also include declarations in their responses which provide all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code §§ 425.55(b)(1) & (2). Failure to respond to this Order may result in the Court declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

MINUTES FORM 11
CIVIL-GEN                                          Initials of Deputy Clerk RRP